SLIP OPINION     Cite as 2016 Ark. App. 3

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–15–690

| | |
|---|---|
| | **Opinion Delivered** January 6, 2016 |
| NATALIE CARROLL<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TENTH DIVISION<br>[NO. JN2013-1345] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | HONORABLE JOYCE WILLIAMS WARREN, JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

Natalie Carroll appeals the Pulaski County Circuit Court's decision to terminate her parental rights to her children Z.C., N.C., R.P.1, and R.P.2. Carroll's counsel has filed a motion to withdraw and a no-merit brief pursuant to our rules and caselaw, stating that there are no meritorious grounds to support an appeal. Ark. Sup. Ct. R. 6-9 (2015); *Linker-Flores v. Ark. Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004). Our court clerk mailed a certified copy of counsel's motion and brief to Carroll's last-known address informing her of her right to file pro se points for reversal, and Carroll has filed pro se points. The Arkansas Department of Human Services (DHS) has responded to Carroll's pro se

points pursuant to Rule 6-9(i)(5). We affirm the court's decision to terminate Carroll's parental rights to her four children and grant counsel's motion to withdraw.

We review termination of parental rights cases de novo. *Cheney v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. An order terminating parental rights must be based upon a finding by clear and convincing evidence that the termination is in the children's best interest. *Id.* The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. *Harper v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 280, 378 S.W.3d 884. The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction that the allegation has been established. *Pratt v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261. When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1). The petition must include an argument section that lists all adverse rulings that the parent received at the circuit court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an

abstract and addendum containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i)(1)(B).

In this case, there were no adverse rulings apart from the circuit court's decision to terminate Carroll's parental rights. Her attorney argues that there would be no merit in challenging the sufficiency of the statutory grounds or the court's best-interest finding. We agree.

The circuit court terminated Carroll's rights on three of the statutory grounds that DHS alleged against her—the "failure to remedy" ground, the "other factors arising" ground, and the "aggravated circumstances" ground. We need not address all grounds because DHS only had to prove one statutory ground to support a termination, and it did so. The statutory ground on which we affirm the termination order is the "other factors" ground, which states:

> [O]ther factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.

Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) (Supp. 2015).

The circuit court decided to terminate Carroll's parental rights on this statutory ground because of Carroll's failure to complete court-ordered counseling and because of her noncompliance with taking the medication provided to her for mental-health issues. At the time of termination, the children had been out of Carroll's custody for twenty-one months. The children were removed when Carroll was arrested for child endangerment;

she had left three of the children unattended outside a grocery store for at least forty-five minutes. Although Carroll was partially compliant with the case plan and used some of the appropriate family services DHS offered to her, she was not able to demonstrate safe and effective parenting during visits with the children, several of whom have special needs. Her therapist and a forensic psychologist testified that Carroll's lack of insight, unwillingness to learn and cooperate, failure to take her prescription medication, and failure to complete the court-ordered counseling showed that Carroll was unwilling or unable to improve her ability to parent her children effectively. Carroll's counsel is correct that what matters is whether the case plan achieved the intended result of making the parent capable of caring for her children, which in this case, it did not. *See Cole v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 203, 394 S.W.3d 318. Taken as a whole, there is clear and convincing evidence on this record to support the court's termination under the "other factors" ground.

The court's finding that it was in the children's best interest for Carroll's rights to be terminated is also sufficiently supported by the record. An adoption specialist testified that there were fifty-eight families willing to adopt a sibling group like Z.C., N.C., R.P.1, and R.P.2. There is also sufficient evidence to support the court's finding that "[t]he children have special needs which include taking daily medication and attending therapy. The mother is unable to care for their special needs. Therefore, placement of the children in the mother's custody is contrary to the juveniles' health, safety, and welfare." The witness testimony, CASA reports, and psychological evaluations found in this record support the circuit court's conclusion that Carroll was not able to overcome her limitations to properly

SLIP OPINION

care for her children and that her children would be at risk of harm if returned to her custody. *See Gossett v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 240, 374 S.W.3d 205.

In Carroll's pro se points, she asserts that while she has made mistakes and was angry when the children were removed, she loves them and has been there for them when Z.C. was hospitalized for six months with seizures and when N.C. was sick. Carroll submits that her children need to be with her. But as we have previously stated, the circuit court's decision to terminate Carroll's parental rights was not clearly erroneous based on the evidence that was before the court. We therefore conclude that her pro se points provide no grounds for reversal.

After reviewing the record and counsel's brief, we agree with counsel that an appeal from the circuit court's decision to terminate Carroll's parental rights would be wholly without merit. Because Carroll's counsel has adequately addressed the sufficiency of the evidence in the no-merit brief and has complied with the requirements of *Linker-Flores* and this court's rules, we affirm the court's termination order and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

KINARD and HOOFMAN, JJ., agree.

*Dusti Standridge*, for appellant.

No response.